UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RUSSELL K. WHITENER,
WHITENER LAW FIRM, P.A.,
and CHECK WITH ME, LLC,

    Plaintiffs,

v.

JOHN M. BURNETT,
a/k/a JOHN M. BURNETT, JR.,

    Defendant.

Civ. No. 10-865 BRB/RHS

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF JURISDICTION AND
DENYING MOTION FOR DEFAULT JUDGMENT

    THIS MATTER comes before the Court on Plaintiffs' Motion for Default Judgment as to their Complaint for Breach of Contract (D.E. # 10) and Defendant's Motion To Dismiss for Lack of Jurisdiction (D.E. #11). The Court first addresses Defendant's motion. The primary issue presented in that motion is whether the Court should dismiss the case for lack of diversity of citizenship. In their complaint, Plaintiffs allege they are "residents" of New Mexico and that Defendant is a "resident of the state of Arkansas." Defendant argues in his motion to dismiss all parties are in fact "residents" and, therefore, citizens of New Mexico.

I.

    On September 20, 2010, Plaintiffs Russell K. Whitener, Whitener Law Firm, P.A., and Check with Me, LLC filed suit in this Court for breach of contract, debt and money due on

promissory notes, declaratory judgment, and interpleader invoking diversity jurisdiction under 28 U.S.C. § 1332. In their complaint, Plaintiffs stated the amount in controversy exceeds § 1332's $75,000 threshold. They assert Russell Whitener is a "resident" of New Mexico and the principal of the Whitener Law Firm and Check with Me. Plaintiffs state the "Whitener Law Firm, P.A. is a New Mexico for-profit corporation operating and doing business" in New Mexico and, similarly, "Check with Me, LLC is a New Mexico limited liability company operating and doing business in" New Mexico. They claim that Defendant "is a resident of the state of Arkansas."

Plaintiffs personally served Defendant on September 27, 2010 in Rogers, Arkansas. D.E. #4. Defendant failed to answer within twenty-one days, *i.e.*, by October 18, 2010. Fed. R. Civ. P. 12(a)(1)(A)(I). Plaintiffs then filed a Praecipe and a Motion for Default Judgment on October 21, 2010. D.E. #8, 10. That same day Defendant's counsel entered an appearance on his behalf and Defendant filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b). D.E. #10, 11.

In his motion, Defendant does not contest the amount in controversy. He only challenges the diversity of the parties' citizenship. D.E. #11. He asserts that, like Plaintiffs, he is "also a resident of the State of New Mexico" and "[a]s such, the citizenship of both the Plaintiffs and the Defendant is in the State of New Mexico." Id. To support that assertion, Defendant attached a copy of his driver's license issued by the state of New Mexico on February 20, 2010. Defendant evidently marked out part of his address on the photocopy of the license, leaving only the line that indicates his address is somewhere in Albuquerque,

New Mexico. Id.

Plaintiffs respond that the evidence they provide demonstrates Defendant is not a "resident" of New Mexico but is in fact a "resident/citizen of Arkansas." D.E. #12. They first note that the address Defendant redacted from his driver's license is actually the address to the office space Defendant formerly leased from Plaintiffs (which is part of the basis of this lawsuit). Id. Plaintiffs issued Defendant a nonpayment of rent notice for those premises and Defendant subsequently vacated the premises in January 2010. Id. Defendant was not issued his New Mexico driver's license with that address until February 20, 2010. Id. On September 6, 2010, fourteen days before Plaintiffs filed this lawsuit, Defendant notified Plaintiff Whitener Law Firm that his current physical and mailing address was "Burnett Law Firm, 3230 Cherokee Road, Rogers, Arkansas"—the same address at which he was personally served. Id. At some point in 2010, Defendant also notified the United States Postal Service to forward all mail of the Burnett Law Firm located at the leased office space in Albuquerque to the Rogers, Arkansas address above. Id. According to the Benton County, Arkansas Assessor's office the property located at the address is a single family home. Plaintiffs asserted, and Defendant does not dispute, that Defendant does not own any property in Bernalillo County, New Mexico and is not registered to vote in New Mexico. D.E. #13. Plaintiffs also submitted evidence, which Defendant does not dispute, that in September 2009, an Arkansas court granted Defendant a divorce from his wife of twenty years. D.E. #12; D.E. #13. On September 9, 2010, Defendant's counsel in this action filed a complaint for replevin of Defendant's car on his behalf in New Mexico state court which

3

states that Defendant was presently "residing in the State of Arkansas" and "[i]n or about September of 2009, the [Defendant] moved from the State of New Mexico to the State of Arkansas." D.E. #12. Defendant attached to the state court complaint for replevin his New Mexico application for vehicle title and registration that he submitted in April 2009 and in which he lists "Caerleon Circle, Bentonville, Arkansas" as his address. Id. Lastly, Plaintiffs assert the New Mexico Supreme Court suspended Defendant from practicing law in New Mexico in April 2010.

In his reply, Defendant, an attorney, claims that he has been a resident of New Mexico since 2002 but that he left New Mexico in "early 2010" to attend to several medical malpractice cases in Arkansas. D.E. #13. He maintains he has always intended to return to New Mexico to live and work as an attorney with a law firm in Albuquerque, New Mexico, once the cases in Arkansas are complete. D.E. #13. In support of those claims, Defendant supplies his own affidavit and the affidavit of his attorney in this lawsuit. His attorney states that in 2009 he began ongoing discussions with Defendant about Defendant joining his New Mexico law firm because, though Defendant was splitting his time between Arkansas and New Mexico to litigate pending cases, Defendant's intention was to return to New Mexico permanently. Defendant also acknowledges his suspension but avers he was suspended for failure to complete a continuing legal education requirement. Defendant says he has since completed that requirement and is in the process of having his license reinstated. Id. He claims that the only reason he listed Plaintiffs' premises as his address on his New Mexico driver's license is that he had lost his previous license and at that time "had no other address

4

in New Mexico that he considered permanent since he was staying with a friend in Albuquerque while looking for a house" and that was his present work address. Id. In addition, he acknowledges he has not voted in New Mexico (or any other state) for the last ten years and that he last owned property in New Mexico in 2007. Id. With regard to the Arkansas divorce decree, Defendant asserts that his former wife, a resident of Arkansas, initiated the divorce proceedings in Arkansas. Id. And, as to the New Mexico replevin action, Defendant argues that "[t]he language Mr. Farrow used in terms of residing in Arkansas only meant that at the time the Replevin action was filed, that [Defendant] was working on his affairs in Arkansas preparatory to moving back to New Mexico." Id. Finally, Defendant says his residence in Arkansas, which Plaintiffs submit is a single family home, is owned solely by someone else.

## II.

"Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). "[D]iversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Because Plaintiffs invoke this Court's jurisdiction, to survive Defendant's motion to dismiss they must prove by preponderance of the evidence that Defendant was not a citizen of New Mexico on the date they filed suit. See McPhail, 529 F.3d at 953 (explaining that the proponent of federal jurisdiction must "prove jurisdictional facts by a preponderance of the evidence"); Allen v. Allstate Ins. Co., 2010 WL 519862, at *5 (D.N.M. Jan. 26, 2010) (unpublished) ("The Court

5

. . . finds that the preponderance of the evidence weighs in favor of finding that Allen has not shed her New Mexico citizenship for diversity purposes.").

For the sake of accuracy, the Court notes that Plaintiffs and Defendant have improperly equated residence with domicile and citizenship.  In their complaint, Plaintiffs never assert Defendant is domiciled or a citizen of Arkansas, only that he is a "resident" of Arkansas.  Similarly, they only allege Russell Whitener is a "resident" of New Mexico.[1]  Defendant in his motion to dismiss likewise alleges his residency in New Mexico rather than domicile or citizenship.  "For purposes of diversity jurisdiction . . . state citizenship is the equivalent of domicile."  Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).[2]  "'Domicile' is not necessarily synonymous with 'residence.'"  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  A natural person's domicile of choice is

---

[1] As the principal of Check with Me, LLC, Russell Whitener's apparent New Mexico citizenship renders Check with Me, LLC a citizen of New Mexico as well.  See Zufelt v. Isuzu Motors Am., L.C.C., __ F. Supp. 2d __, 2009 WL 6700496, at *8 (D.N.M. 2009) ("A limited liability company is a citizen of every state of citizenship of any of its members.").  Whitener Law Firm, P.A., a New Mexico professional corporation, is treated as a corporation for diversity purposes.  See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix, & von Gontard, P.C., 385 F.3d 737, 739–41 (7th Cir. 2004) (concluding that professional corporations should be treated like business corporations for diversity purposes).  That means its citizenship is defined by the state(s) where it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Plaintiffs assert, and Defendant does not dispute, that the Whitener Law Firm is "a New Mexico for-profit corporation operating and doing business in Albuquerque, Bernalillo County, New Mexico."  The Court presumes this means it is incorporated in New Mexico and its principal place of business is in New Mexico, making it a New Mexico citizen.

[2] Federal rather than state law governs the determination of a party's domicile and citizenship for the purposes of assessing diversity jurisdiction.  Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 12 F.3d 171, 172 (10th Cir. 1993).

6

defined as the state where she actually resides and intends to remain indefinitely as of the time of filing. Crowley, 710 F.2d at 678; see also Holyfield, 490 U.S. at 48 ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). Without that intent, residence alone does not determine domicile and, thereby, citizenship. Bair v. Peck, 738 F. Supp. 1354, 1355 (D. Kan. 1990). Therefore, "[r]esidence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile." State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).

While the distinction between residence and domicile or citizenship may seem unimportant, this Court and the Tenth Circuit have held that a party's alleging residency but neglecting to allege explicitly domicile and, therefore, citizenship insufficiently invokes diversity jurisdiction. See Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); McEntire v. Kmart Corp., 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (unpublished) ("If Kmart had used the word 'citizen' rather than 'resident' . . . the Court would find no defect . . . . Those two defects are sufficient, however, to render the notice of removal defective."). Generally, courts grant the party seeking to invoke diversity jurisdiction leave to amend his complaint or notice of removal, as the case may be, to cure such a defect. See Okland Oil Co. v. Knight, 92 Fed. Appx. 589, 608 (10th Cir. 2003) (noting that the plaintiffs' complaint only alleged that the defendants were residents of Texas and allowing the plaintiffs to amend their complaint to identify the defendants' citizenship

at the time of the filing of the original complaint); McEntire, 2010 WL 553443, at *9 (allowing the defendant to amend its notice of removal to plead its co-defendant's domicile rather than mere residency); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). But given that (a) the only jurisdictional fact challenged in this case is Defendant's citizenship, (b) Plaintiffs in their response to Defendant's motion cite legal authority as to the elements of domicile and have had an opportunity to submit evidence in support of their claim of diverse citizenship, and (c) Defendant in his reply to Plaintiffs' response has averred the elements of domicile, this Court has sufficient information to determine Defendant's domicile. Insertion of the words "domicile" or "citizenship" into the complaint's or motion's allegations will not alter the evidence in the record and, thus, will not affect the outcome of Defendant's motion.

III.

Though a person may have many residences, he may only have one domicile and, therefore, one citizenship at one time. Williamson v. Osenton, 232 U.S. 619, 625 (1914). "[A]nd one can reside in one place but be domiciled in another." Holyfield, 490 U.S. at 48. By that same token, "'citizenship is not necessarily lost by protracted absence from home, where the intention to return remains.'" Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966) (quoting Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)); see also Gates v. C.I.R., 199 F.2d 291, 294 (10th Cir. 1952) ("In order to acquire a domicile of choice, one must have a present intention of permanent or indefinite living in a given place or country, not for mere temporary or special purposes, but with a present intention of making it his

8

home unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home."). However, the Tenth Circuit has cautioned "'[m]ere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well as by what he says.'" Walden, 357 F.2d at 245 (quoting Stine, 213 F.2d at 448).

"[D]omicile, when acquired, is presumed to continue until it is shown to have been changed." Anderson v. Watts, 138 U.S. 694, 706 (1891). "The Tenth Circuit has recognized a rebuttable presumption 'in favor of an established domicile over a newly acquired one.'" Chaara v. Intel Corp., 410 F. Supp. 2d 1080, 1091 (D.N.M. 2005) (quoting Janis v. Story & Assocs., 124 F.3d 216 (10th Cir. 1997)) (unpublished). That is not to say one cannot change his domicile. Such a change occurs when a person takes up residence in a new domicile and intends to remain there indefinitely. Crowley, 710 F.2d at 678. "[B]ut the intent need not be to remain [at the new residence] permanently." Bair, 738 F. Supp. at 1356. "A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile." Crowley, 710 F.2d at 678. It is therefore enough for the purposes of establishing a new domicile "to have a 'floating intention' to stay indefinitely" at that new residence while also maintaining "the general desire to return to the former domicile at some undetermined point in time." Bair, 738 F. Supp. at 1356. By contrast, it is not enough for the purposes of establishing a new domicile to harbor the "intention to return [to the former domicile] upon the happening of a reasonably foreseeable event." Id. (citing Gates, 199 F.2d at 294 ("However, an intention to return on the occurrence of some event which may reasonably be

9

anticipated is not such an indeterminate or floating intention.")). In determining domicile when a party has recently changed his residence, courts evaluate "objective indicia of intent, such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices. Statements of intent are accorded minimal weight relative to these objective factors." Id. (internal citations omitted).

Plaintiffs' evidence suggests that since April 2009 Defendant has lived and worked in Arkansas. Defendant contends he has been a "resident of New Mexico since 2002" until he moved his residence to Arkansas either in September 2009 or "early 2010." Doc. #13, Doc. #12, Ex. B. It is therefore abundantly clear that on September 20, 2010 when Plaintiffs filed suit, Defendant resided in Arkansas. His intention to remain there indefinitely or return to New Mexico is less clear. Defendant's citizenship remains in New Mexico—his prior state of domicile—until he intends to remain in Arkansas indefinitely. Thus, this Court must decide whether Defendant intended to remain in Arkansas indefinitely on September 20, 2010. This inquiry is a mixed question of law and fact that is primarily factual. Dyer, 19 F.3d at 518.

Ultimately, the submitted evidence reveals Plaintiffs have not satisfied their burden to show by a preponderance of the evidence that Defendant is not domiciled in New Mexico or rebut the presumption that Defendant remains domiciled in New Mexico. Defendant's living in Arkansas for at most twenty months constitutes prima facie evidence of Arkansas citizenship and indicates some intent to remain there, but it does not amount to a preponderance of the evidence. See Allen, 2010 WL 519862, at *5 ("Allen's California

residence is *prima facie* evidence of California citizenship and living there for three years constitutes evidence of an intent to remain indefinitely, but it does not rise to the level of a preponderance of the evidence" in light of her asserted intention to return to her former state of residence (New Mexico), absence of evidence as to where she votes, and the fact that she does not own property in California (internal citations omitted)).  Defendant does not own real property in New Mexico.  But there is also no evidence that he owns real property in Arkansas or any other state.  He does not vote in any state.  Neither party has informed the Court where Defendant banks or pays taxes.  Defendant possesses a New Mexico driver's license and applied to register his vehicle in New Mexico.  Defendant has stated that he moved to Arkansas to litigate some cases, but has always intended to return to New Mexico once those are complete—a reasonably foreseeable event—which was also confirmed by his attorney, with whom he intends to practice law upon his return to New Mexico.  Plaintiffs have not provided any reason to disbelieve Defendant's averment that he is in the process of having his New Mexico law license reinstated in preparation for his return to New Mexico. His former wife seeking a divorce from him in Arkansas is entirely consistent with his present residence in Arkansas, which he does not deny, as are his statements of Arkansas residence in the New Mexico replevin action and his having his professional mail forwarded to his new residence in Arkansas.  None of those facts when weighed against the evidence supplied by Defendant demonstrate by a preponderance of the evidence Defendant's intention to remain indefinitely in Arkansas or rebut the presumption in favor of Defendant's established domicile in New Mexico.

IT IS ORDERED that Defendant's Motion to Dismiss (D.E. #11) is GRANTED. Finding this Court lacks jurisdiction to decide the controversy, Plaintiffs' Motion for Default Judgment is DENIED (D.E. #10).

                                          Entered for the Court
                                          this 13th day of December, 2010

                                          _____

                                          Bobby R. Baldock
                                          United States Circuit Judge
                                          Sitting By Designation